**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1453
_____

ARTHUR SCOTT PRELLE,
                        Appellant

v.

UNITED STATES OF AMERICA, By Arthur Scott Prelle; CHIEF EXECUTIVE
OFFICER OF NEW JERSEY; TREASURER OF THE STATE OF NEW JERSEY;
UNITED STATES DEPARTMENT OF TREASURY;
TRUSTEES FOR RE789806284US-0022

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:16-cv-05447)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2022
Before:  MCKEE,[*] HARDIMAN, and PORTER, <u>Circuit Judges</u>

(Opinion filed: November 16, 2022)

_____

OPINION[**]

_____

_____

[*] Judge McKee assumed senior status on October 21, 2022.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Arthur Scott Prelle, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey granting the defendants' motions to dismiss his second amended complaint. For the following reasons we will affirm.

As noted by the District Court, Prelle's submissions are "far from a paragon of clarity." D.Ct. ECF No. 102 at 2. In his initial pleadings, Prelle made confusing and convoluted allegations appearing to assert the creation of a trust by virtue of his birth and the issuance of his birth certificate by the State of New Jersey. Prelle alleged that the "obligor/trustee Chief Executive Officer of 'New Jersey, State Of' [had] failed its duties of any response or accounting" for the alleged trust and had "usurped [the] rights of beneficiary to said trust(s)[.]" D.Ct. ECF No. 11 at 20. Prelle further alleged that the Treasurer of the United States had "wrongly converted" certain "property made by and certified by the full faith and credit of the United States of America . . . for the benefit of complainant Arthur." Id. at 5. Prelle sought a wide-range of relief, including but not limited to an unspecified judgment in "gold dollars as defined by the 'The Coinage Act' of April 2, 1792," a finding that former President Barack Obama lacks United States citizenship, and an order rescinding and revoking laws granting rights to gay and/or transgender citizens. Id. at 34-37.

On motion of the defendants, the District Court dismissed the amended complaint without prejudice, finding that it failed to provide a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The District Court provided Prelle "one final opportunity to amend his pleading and address the deficiencies identified" by the court. D.Ct. ECF No. 102 at 6.

Prelle filed a second amended complaint, D.Ct. ECF No. 111, and the defendants again moved to dismiss. The District Court granted the motion, finding that the second amended complaint "still runs afoul of Rule 8(a)." D.Ct. ECF No. 121 at 3. The District Court noted that "the factual allegations remain incomprehensible," and that Prelle pointed to "no law or statute, state or federal, that entitles him to any relief from Defendants." D.Ct. ECF No. 121 at 3-4. Finding that any further amendment would be futile, the District Court dismissed the second amended complaint with prejudice. Id. at 4. Prelle filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8 for an abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." Westinghouse, 90 F.3d at 702. A complaint must contain sufficient clarity "'to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]" Glover v. FDIC, 698 F.3d 139,

147 (3d Cir. 2012) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)). While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8.  See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that "pro se litigants still must allege sufficient facts in their complaint to support a claim").

We conclude that the District Court did not abuse its discretion in dismissing Prelle's second amended complaint under Rule 8.  Prelle's second amended complaint, replete with antiquated legal language often associated with the "sovereign-citizen" movement, remains mostly incomprehensible.  It again lacked a "short and plain" statement of Prelle's claims against the defendants and was insufficient "to give the adverse part[ies] fair notice of the claim[s] asserted so as to enable [them] to answer and prepare for trial."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  Further, Prelle's blanket assertions and conclusory allegations regarding the defendants' interference in a trust inuring to his benefit do not constitute well-pleaded factual allegations and are insufficient, by themselves, to establish a claim to relief that rises above the speculative level.  See Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011).  Under these circumstances, the District Court also did not err in denying Prelle further leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] To the extent that Prelle is appealing the District Court's denial of his motions to seal, we discern no abuse of discretion in the District Court's decisions. See In re Cedent Corp., 260 F.3d 183, 197 (3d Cir. 2001) (providing that review of an order denying a motion to seal is for abuse of discretion). To the extent Prelle's submissions to this Court seek any additional relief, his requests are denied.